**EXHIBIT 2**

# ESCROW AGREEMENT

This agreement made this 27th day of April, 2020 between Gericare Medical Supply, Inc., (GERICARE) and J.L. Sadick, P.C. (SADICK), the parties to this agreement, for the purpose of having SADICK serve as Escrow Agent.

WHEREAS, GERICARE desires to transfer funds for the purpose of purchasing various commodities from Imitari Corp. (IMITARI) pursuant to a separate agreement and

WHEREAS, GERICARE and IMITARI desire SADICK to act as Escrow Agent, to act in accordance with and subject to the terms and conditions of this agreement.

NOW THEREFORE, in consideration of the promises and mutual terms and conditions set forth, the sufficiency of which is hereby acknowledged, the parties agree as follows:

1. J.L. Sadick, P.C. hereby agrees to serve as escrow agent in order to receive funds hereinbefore described.

2. GERICARE agrees to deposit the initial amount of one million ninety thousand ($1,090,000.00) US dollars into the designated Trust account of the escrow agent which represents a fifty (50%) percent deposit pursuant to the invoice issued by IMITARI. ALL FUNDS TRANSFERRED TO SADICK'S IOLTA ACCOUNT ARE CLEAN, CLEARED, LIEN FREE AND UNENCUMBERED FUNDS, EARNED FROM LEGAL AND LEGITIMATE COMMERCIAL OR PRIVATE ENTERPRISES OF NON-CRIMINAL AND NON-TERRORIST ORIGINS. It is agreed by GERICARE that an early release of escrow funds is permitted to cover expenses regarding independent inspection report, shipping and legal, in an amount not to exceed seventy five thousand ($75,000.00) US dollars. The balance of the escrow funds will remain in said account subject to the following. Upon receipt of inventory at buyer's designated address, buyer will have four (4) hours to inspect inventory. Buyer will accept or decline inventory via email or phone call to Seller's Attorney at jlsadick@sadicklaw.com or (713) 622-7880. Buyer must either approve in writing or phone call, or object in writing or phone call within the four (4) hour window (the "Approval Window"). Upon approval, the balance of the invoice ($2,180,000 minus the Escrow Deposit and the Costs Deposit) will be transferred to the designated account of Seller's Attorney. If Buyer neither approves nor objects in writing via email, as directed herein, within the Approval Window, Buyer will wire the remaining fifty (50%) percent balance of the order to Seller's Attorney within the first minute following the Approval Window.

2. The Trust account to be used for the transaction is as follows:
    Name:    J.L. Sadick Attorney Escrow
    Bank :    Capital One Bank
    Acct. No.:    [redacted]
    Rout. No.:    [redacted]

### Duties and Liabilities of Escrow Agent.

The Escrow Agent shall have no duty or obligation hereunder other than to take such specific actions as are required of it from time to time by the provisions of this Escrow Agreement and it shall incur no liability hereunder or in connection herewith for anything whatsoever other than any liability resulting from its own gross negligence or willful misconduct or unlawful acts. The only duties and responsibilities of the Escrow Agent shall be the duties and obligations specifically set forth in this Escrow Agreement. The Escrow Agent has no duty to perform any calculations with respect to the proper amount to be deposited at any time or to insure that GERICARE deposits the proper amount at any time. Neither party herein will be entitled to receive any interest from any funds deposited into the deposit account. Legal fees are for IMITARI'S account.

### Representation of GERICARE

GERICARE represents and warrants that they are the owner of said funds and that all funds deposited are clean, clear, lien free, unencumbered earned from activities that are non-criminal and non-terrorist origins or affiliations. All parties acknowledge and warrant that all taxes, State and Federal, have been paid, or will be paid by the party responsible for the payment of those taxes associated with any funds transfer.

### Indemnification of Escrow Agent.

GERICARE shall indemnify, hold harmless and defend the Escrow Agent from and against any and all losses, claims, liabilities, and reasonable expenses, including the reasonable fees of its counsel, specifically including in-house counsel fees, which it may suffer or incur in connection with the performance of its duties and obligations under this Escrow Agreement and including any action taken hereunder, except for those losses, claims, liabilities and expenses resulting solely and directly from its own gross negligence, willful misconduct, or unlawful acts. The Escrow Agent may seek the advice of counsel at any time and such reasonable attorney fees shall be in addition to the administrative fees charged by the Escrow Agent for serving as Escrow Agent.

### Severability.

If any provision of this Escrow Agreement shall under any circumstances be deemed invalid or inoperative, this Escrow Agreement shall be construed with the invalid or inoperative provisions deleted and the rights and obligations of the parties shall be construed and enforced accordingly.

### Amendments.

This Escrow Agreement may be amended only by written instrument executed by GERICARE and the Escrow Agent. The waiver by any party of any breach of this Escrow Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent or contemporaneous, of this Escrow Agreement, nor shall such waiver be deemed to be or construed as a waiver by any other party. The

Escrow Agent shall provide a copy of each amendment to the Escrow Agreement within thirty (30) days of its execution to all parties signing herein.

**Resolution of Disputes.**

In the event of any disagreement resulting in adverse claims or demands being made in connection with the subject matter of this Escrow Agreement, the Escrow Agent may, at its option, refuse to comply with any claims or demands on it, or refuse to take any other action hereunder, so long as such disagreement continues, and in any such event, the Escrow Agent shall not be or become liable in any way or to any person or entity for its failure or refusal to act, and the Escrow Agent shall be entitled to continue to so refrain from acting until (i) the rights of all parties have been fully and finally adjudicated by a court of competent jurisdiction, or (ii) all differences shall have been adjudged and all doubt resolved by agreement among all of the interested persons, and the Escrow Agent shall have been notified thereof in writing signed by all such persons. In addition to the foregoing remedies, the Escrow Agent is hereby authorized in the event of any such disagreement, to petition any state court of competent jurisdiction, for instructions or to interplead the funds or assets so placed in the designated account. GERICARE agrees that upon final adjudication on such petition or interpleader action, the Escrow Agent, its servants, agents, directors, employees or officers will be relieved of further liability. This agreement will not terminate upon the death or legal incapacity of GERICARE but will continue in force until terminated, in writing, by any of the parties to this agreement, or their legal representatives.

This agreement and the rights of the parties hereunder shall be governed by and interpreted in accordance with the laws of the State of Texas, with venue for any dispute in Houston, Harris County, exclusive of any conflict of law rules or principles. Each party herein represents and warrants that they have authority to bind their respective side.

IN WITNESS WHEREOF, the parties have executed this agreement as of the day and year first above written.

Gericare Medical Supply, Inc.

By: _____
Lynn Patterson

Title: CEO

_____
J.L. Sadick, P.C.