IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

GERICARE MEDICAL SUPPLY, INC.,

                Plaintiff,

v.

TERRY WILMOT BARNES, Individually, and
IMITARI CORPORATION,

                Defendants,

Case 4:20-cv-02425

*(Filed stamp: United States Courts, Southern District of Texas, FILED FEB 26 2021, Nathan Ochsner, Clerk of Court)*

## DEFENDANTS' ANSWER TO DEFENDANTS AND THIRD PARTY PLAINTIFFS' THIRD PARTY COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**NOW COMES**, Defendants/Third Party Defendants, TERRY WILMOT BARNES, Individually, and IMITARI CORPORATION (collectively the "Defendants"), Pro Se, and pursuant to Federal Rule of Civil Procedure 14, respectfully answers their Third Party Complaint, (the "Complaint") of the Third Party Plaintiffs, J.L. SADICK, and J.L. SADICK, P.C., (the "Plaintiffs"), complaining of IMITARI CORPORATION, TERRY WILMOT BARNES and GREGORY A JONES. In support hereof, Defendants, states the following upon information and belief and would respectfully show the Court the following:

I.

JURISDICTION AND VENUE

1.1    Defendants deny each and every allegation not specifically admitted to in this Answer and demand strict proof thereof. Additionally, the allegations contained in Paragraph

"1.1" of the Complaint are conclusions of law, to which no responsive pleading is required; however, to the extent a response is required, the Defendants deny in its entirety the allegations contained in Paragraph "1.1."

1.2  The allegations contained in Paragraph "1.2" of the Complaint are conclusions of law, to which no responsive pleading is required; however, to the extent a response is required, the Defendants deny in its entirety the allegations contained in Paragraph "1.2".

1.3  The allegations contained in Paragraph "1.3" of the Complaint are conclusions of law, to which no responsive pleading is required; however, to the extent a response is required, the Defendants deny in its entirety the allegations contained in Paragraph "1.3".

## II.

## **PARTIES**

2.1  Defendants admits to the allegations contained in Paragraph "2.1" of the Complaint that Third Party Defendants, IMITARI CORPORATION is a Michigan corporation and may be served through its sole principal, TERRY WILMOT BARNES, located at 55 E. Long Lake Rd, Suite 206, Troy. MI 48085. As to the allegation of Third Party Defendants also admits that IMITARI COPORATION and/or TERRY WILMOT BARNES, do not possess a registered agent or place of business in the State of Texas, However, as to the third allegation that Defendants may be served through the Texas Secretary of State, under TEX. CIV. PRAC. & REM. CODE SECTION 17.042(b) are conclusions of law, to which no responsive pleading is required; however, to the extent a response is required, the Defendants deny in its entirety the allegations contained in

2.2  Paragraph "2.1". Defendants admits to the allegations contained in Paragraph "2.2" of the Complaint that Third Party Defendant, TERRY WILMOT BARNES, is a resident of Troy, Michigan and

may be served at 55 E. Long Lake Rd, Suite 206, Troy. MI 48085. However, as to the third allegation that Defendants may be served through the Texas Secretary of State, under TEX. CIV. PRAC. & REM. CODE SECTION 17.042(b) are conclusions of law, to which no responsive pleading is required; however, to the extent a response is required, the Defendant denies in its entirety the allegations contained in Paragraph "2.2".

2.3  Defendants admits in part to the allegations contained in Paragraph "2.3" of the Complaint that Third Party Defendant, GREGORY A. JONES, JR, is a resident of the State of New York and may be served at 52 W. 111th Street, Apt. 3D, New York, New York 10026. However, the balance of the allegations contained in Paragraph "2.3" of the Complaint are conclusions of law, to which no responsive pleading is required; however, to the extent a response is required, the Defendants deny in its entirety the allegations contained in Paragraph "2.3".

### III.
### PROCEDURAL AND FACTUAL BACKGROUND

3.1  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "3.1" of the Complaint, and on that basis, the Defendants deny in its entirety the allegations contained in Paragraph in Paragraph "3.1".

3.2  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "3.2" of the Complaint, and on that basis, the Defendants deny in its entirety the allegations contained in Paragraph "3.2".

3.3  The allegations contained in Paragraph "3.3" of the Complaint are conclusions of law, to which no responsive pleading is required; however, to the extent a response is required,

the Defendants deny in its entirety the allegations contained in Paragraph "3.3".

3.4  Defendants admit to the allegation contained in paragraph "3.4" of the Complaint.

3.5  Defendants deny each and every allegation contained in Paragraph "3.5" as Third Party Plaintiffs, both advised and negotiated with full knowledge of every aspect of the transaction on behalf of Defendants with Plaintiff to complete the transaction.

3.6  Defendants deny each and every allegation contained in Paragraph "3.6" as Third Party Plaintiffs, both advised and negotiated with full knowledge of every aspect of the transaction on behalf of Defendants with Plaintiff to complete the transaction.

3.7  Defendants deny each and every allegation contained in Paragraph "3.7" as Third Party Plaintiffs, both advised and negotiated with full knowledge of every aspect of the transaction on behalf of Defendants with Plaintiff to complete the transaction.

3.8  Defendants deny each and every allegation contained in Paragraph "3.8" as Third Party Plaintiffs, both advised and negotiated the idea of a full refund with Plaintiffs. Defendants also deny that co-Third Party Defendant, Gregory A Jones, made any such representations at any time regarding a full refund to Plaintiff.

3.9  Defendants deny each and every allegation contained in paragraph "3.9" of the Complaint. Defendant, Gregory A Jones, is not and has never been a principal, member, shareholder, investor, of or in IMITARI CORPORATION, and demand strict proof thereof.

3.10  Defendants deny each and every allegation contained in paragraph "3.10" of the Complaint. Defendant, Gregory A Jones, is not and has never been a principal, member, shareholder, investor, of or in IMITARI CORPORATION, and demand strict proof thereof.

3.11  Defendants deny each and every allegation contained in Paragraph "3.11" as Third Party Plaintiffs, advised, negotiated, and participated on behalf of Defendants with full knowledge of every aspect of the Defendants attempts to complete a full refund to Plaintiff. Third Party Plaintiff went as far as to personally initiate several failed transactions with its series of unqualified and incompetent colleagues both domestic and overseas on behalf of Defendants, only resulting in their abysmal failure to facilitate a full refund.

## IV.

## CAUSES OF ACTION

Defendants / Third Party Defendants deny each and every allegation not specifically admitted to in this Answer and demand strict proof thereof.

A.  **Fraudulent Misrepresentation**

4.1.1  The allegations contained in Paragraph "4.1.1" of the Complaint are conclusions of law, to which no responsive pleading is required; however, to the extent a response is required, the Defendants deny in its entirety the allegations contained in Paragraph "4.1.1".

4.1.2  The allegations contained in Paragraph "4.1.2" of the Complaint are conclusions of law, to which no responsive pleading is required; however, to the extent a response is required, the Defendants deny in its entirety the allegations contained in Paragraph "4.1.2".

4.1.3 The allegations contained in Paragraph "4.1.3" of the Complaint are conclusions of law, to which no responsive pleading is required; however, to the extent a response is required, the Defendants deny in its entirety the allegations contained in Paragraph "4.1.3".

4.1.4 The allegations contained in Paragraph "4.1.4" of the Complaint are conclusions of law, to which no responsive pleading is required; however, to the extent a response is required, the Defendants deny in its entirety the allegations contained in Paragraph "4.1.4".

4.1.5 The allegations contained in Paragraph "4.1.5" of the Complaint are conclusions of law, to which no responsive pleading is required; however, to the extent a response is required, the Defendants deny in its entirety the allegations contained in Paragraph "4.1.5".

B **Negligence**

4.2.1 The allegations contained in Paragraph "4.2.1" of the Complaint are conclusions of law, to which no responsive pleading is required; however, to the extent a response is required, the Defendants deny in its entirety the allegations contained in Paragraph "4.2.1".

4.2.2 The allegations contained in Paragraph "4.2.2" of the Complaint are conclusions of law, to which no responsive pleading is required; however, to the extent a response is required, the Defendants deny in its entirety the allegations contained in Paragraph "4.2.2".

C **Gross Negligence**

4.3.1 The allegations contained in Paragraph "4.3.1" of the Complaint are conclusions of law, to which no responsive pleading is required; however, to the extent a response is

required, the Defendants deny in its entirety the allegations contained in Paragraph "4.3.1".

4.3.2 The allegations contained in Paragraph "4.3.2" of the Complaint are conclusions of law, to which no responsive pleading is required; however, to the extent a response is required, the Defendants deny in its entirety the allegations contained in Paragraph "4.3.2".

D    **Contribution and Indemnity**

4.4.1 The allegations contained in Paragraph "4.4.1" of the Complaint are conclusions of law, to which no responsive pleading is required; however, to the extent a response is required, the Defendants deny in its entirety the allegations contained in Paragraph "4.4.1".

4.4.2 The allegations contained in Paragraph "4.4.2" of the Complaint are conclusions of law, to which no responsive pleading is required; however, to the extent a response is required, the Defendants deny in its entirety the allegations contained in Paragraph "4.4.2".

V.

**DAMAGES**

5.1 Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "5.1" of the Complaint, and on that basis, the Defendants deny in its entirety the allegations contained in Paragraph in Paragraph "5.1".

## VI.

## ATTORNEYS' FEES

6.1 The Defendants repeats in its entirety that the allegations contained in Paragraph "6.1" of the Complaint is conclusions of law, to which no responsive pleading is required; however, to the extent a response is required, the Defendants deny in its entirety the allegations contained in Paragraph "6.1".

## VII.

## PRAYER FOR RELIEF

7.1 The Defendants repeats in its entirety that the allegations contained in Paragraph "7.1" of the Complaint is conclusions of law, to which no responsive pleading is required; however, to the extent a response is required, the Defendants deny in its entirety the allegations contained in Paragraph "7.1".

**WHEREFORE**, the Defendants prays to the Court for judgment:

(1) Dismissing the Plaintiffs' Complaint, in its entirety, with prejudice; and

(2) For such other and further relief as this Court may deem just and proper.

Dated:   Detroit, Michigan
         February 19, 2021

_____
Terry Wilmot Barnes, Principal & President of Imitari Corporation
Defendants/Third Party Defendants-Pro Se

## DEFENDANT'S VERIFICATION

STATE OF MICHIGAN   )
                    ) ss.:
COUNTY OF WAYNE     )

I, TERRY WILMOT BARNES, a defendant in the above-captioned matter, being duly sworn, deposes and says the following under the penalties of perjury; I have read the annexed Defendant's Answers, and know the contents thereof, and the same is true and correct to the best of my own knowledge, except as to those matters therein which are stated to be alleged upon information and belief, and as to the matters I believe them to be true.

Dated:
February 19, 2021

*[signature]*
Terry Wilmot Barnes,

Sworn and subscribed to before me this _19_ day, February 2021.

*[signature]*
Signature and Official Seal Notary Public

```
LEA JACOBIE BROCK
Notary Public - State of Michigan
County of Wayne
My Commission Expires Aug 12, 2027
Acting in the County of Wayne
```